# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph S. Aldecoa, Ralph T. Aldecoa, and Robert V. Tuzon,<br><br>　　　　Plaintiffs,<br>v.<br><br>Joseph T. Fields, et al.,<br><br>　　　　Defendants. | CV 14-2540 TUC DCB<br><br>**AMENDED\* ORDER** |

　　On December 8, 2014, Plaintiffs, proceeding *pro se*, filed their Complaint. Plaintiffs allege the Defendants have engaged in a conspiracy to black list them from attending auctions to bid on vehicles, particularly at the Defendant Manheim Auctions. Plaintiff Ralph S. Aldecoa (S. Aldecoa) alleges he has suffered financial losses estimated in the hundreds of thousands of dollars since March 2013 through November 2014. Plaintiff S. Aldecoa alleges the Defendants willfully infringed on his dream of having a business and Defendant Kavoosi, d.b.a K&L Enterprise, induced Plaintiff Robert V. Tuzon (Tuzon) to invest $10,000 in an auction vehicle, which Kavoosi then removed from the car lot location causing Tuzon a loss of $10,000. Plaintiff Ralph T. Aldecoa (T. Aldecoa) charges that Defendants Fields and Thompson forged signatures and executed bogus documents, including a false Power of Attorney, causing T. Aldecoa financial losses. Plaintiff T. Aldecoa's frames his claims against Defendants Fields and Thompson as "constructive fraud/contract by adhesion,"

---

\* This Order is amended to correct the date on page 6.

which appear unrelated to the claims by S. Aldecoa and Tuzon against the remaining Defendants for "black listing" and "infringement of the right to have business expectancies." All Plaintiffs signed the Complaint.

Plaintiff S. Aldecoa has filed a Motion for Temporary Restraining Order (TRO) and for Preliminary Injunction (PI). It appears that neither the Complaint nor the TRO/PI motion have been served on the Defendants.

Standard for Preliminary Relief

According to the Supreme Court, the proper standard for granting or denying a preliminary injunction is as follows:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008); *American Trucking Associations, Inc. v. City or Los Angeles*, 559F.3d1046 (9th Cir. 2009).

Prior to *Winter*, the Ninth Circuit recognized an alternative sliding-scale standard requiring a plaintiff to demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor. *Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). Post-*Winter*, there is no lesser standard than "likely to suffer irreparable harm," but the sliding scale test remains a viable concept within the context of the four prong test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). To be in harmony with the "likelihood standard" adopted in *Winter* and *Stormans, Inc. v. Selecky*, 586 F.3d 1109 (9th Cir. 2009), "serious questions going to the merits" means that there is at least a reasonable probability of success on the merits. *Winnemucca Indian Colony v. United States ex rel. Dept. of Interior*, 2001 WL 4377932 * 4 (Nev. September 16, 2011) (relying on *Black's Law Dictionary* 1012 (9th ed.2009) (defining the "likelihood-of-success-on-the-

merits test" more leniently as "[t]he rule that a litigant who seeks [preliminary relief] must show a reasonable probability of success....").

Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *American Trucking,* at * 4 (citing *Winter*, 129 S.Ct. at 375-76); *see also* Fed. R. Civ. P. 65.

Plaintiff S. Aldecoa cannot show he will suffer irreparable harm for obtaining a preliminary injunction because, generally, monetary harm is not considered irreparable because it can later be remedied by a damage award. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("[I]t seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury.... The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." (internal quotation omitted)); *Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir.1991) ("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." (emphasis added)); *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 676 (9th Cir.1988); *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 938 (9th Cir.1987); *Colo. River Indian Tribes v. Town of Parker*, 776 F.2d 846, 850–51 (9th Cir.1985); *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 471 (9th Cir.1984) ("Mere financial injury ... will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." (emphasis added)).

More importantly, the Court cannot find a likelihood that Plaintiff S Aldecoa will prevail on the merits because on the face of the Complaint, Plaintiffs fail to allege facts to invoke this Court's jurisdiction. Federal courts are courts of limited jurisdiction and may only adjudicate those cases over which they have subject matter jurisdiction: basically those cases involving diversity of citizenship or a federal question. *Kikkonen v. Guardian Life Ins.*

*co. of America*, 511 U.S. 375 (1994).  Where there is neither diversity nor a constitutional violation of an individual's rights, this Court has no jurisdiction.

A federal district court has diversity jurisdiction over all civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which the matter in controversy is between citizens of different states.  28 U.S.C. A. § 1332(a). Plaintiffs' Complaint alleges neither.[1] Plaintiffs allege the controversy exceeds $75,000 for Plaintiff Tuzon.  Plaintiffs fail to allege the citizenship of each Defendant.

A party asserting diversity jurisdiction must allege complete diversity of citizenship. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) ("diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff" (emphasis in the original)). The failure to allege the citizenship of each party constitutes a failure to adequately allege diversity, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), and requires dismissal, *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir.1986); *see McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975) ("When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'") ( quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).[2]

---

[1] Plaintiffs allege the Defendants are doing business in the State of Arizona.  This fact goes to establish personal jurisdiction which is different from diversity jurisdiction.  The latter invokes the power of the Court to act.  Then, personal jurisdiction must exist over the nonresident defendant before the Court may exercise its power, personally, over the defendant.  Diversity jurisdiction addresses whether the Court may act at all; whereas, personal jurisdiction involves whether it is fair to act, personally, against an individual, defendant.

[2] Where Doe defendants are not aliases or actors in the events alleged in the complaint and are really fictitious defendants, naming Doe defendants will not destroy diversity jurisdiction. *Grigg v. Southern Pac. Co.*, 246 F.2d 613, 619 (9th Cir. 1957). Otherwise, if Doe defendants are not indispensible parties, the non-diverse Doe defendants are dismissed to preserve jurisdiction. *Othman v. Globe Indem. Co.*, 759 F.2d 1458, 1462-63 (9th Cir. 1985).  In this case, Doe defendants are named as spouses, and the Court will assume they

For purposes of diversity, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Nike, Inc. v. Comercial Iberica De Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). A partnership is a citizen of every state of which its partners are citizens. *Schnabel v. Lui*, 302 F.3d 1023, 1030 n. 3 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990). An unincorporated association is treated the same. *Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079, 1087-88 (9th Cir. 2010) (citing *Carden*, 494 U.S. at 190). In Plaintiffs' Complaint, the allegations of citizenship for a partnership or unincorporated association should therefore specify the particular states of citizenship of each partner or member.

In short, Plaintiff S. Aldecoa's Motion for TRO/PI fails because he cannot establish that he is likely to suffer irreparable harm or succeed on the merits.

As a court of limited jurisdiction, this Court must ensure that it has subject matter jurisdiction over a case. *Sarei v. Rio Tinto, PLC*, 487 F.3d 1193, 1200 (9th Cir. 2007). *Sua sponte*, this Court must dismiss the Plaintiffs' Complaint for lack of subject matter jurisdiction. Because Plaintiffs proceed *pro se*, the Court will grant Plaintiffs leave to amend the Complaint to state a claim upon which the Court can grant relief. Fed. R. Civ. P. 12(b)(6); *see eg., Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Lopez v. Smith*, 203 F.3d 1122, 1129-1131 (9th Cir. 2000) (*pro se* litigant should be given opportunity to amend the compliant to overcome a deficiency unless it is clear that no amendment can cure the defect).

**Accordingly,**

**IT IS ORDERED** that the Motion for TRO/PI (Doc. 2) is DENIED.

---

will hail from the same state as the named Defendant spouse. The remainder of the Doe defendants appear to be fictitious defendants.

**IT IS FURTHER ORDERED** that the Complaint is DISMISSED, with leave to amend. Any amendment shall be filed within 30 days of the filing date of this Order.

**IT IS FURTHER ORDERED** that THE AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS "AMENDED COMPLAINT" ON THE FACE OF THE DOCUMENT. The Amended Complaint must state specific allegations against proper Defendant(s), named as Defendant(s); and identify who participated in which activities alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result of the activities of each Defendant. THE AMENDED COMPLAINT MUST BE RETYPED OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE. Local Rule 7.1(c).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS all claims and to close this case, without further notice to Plaintiff, if Plaintiff fails to file the Amended Complaint within 30 days of the filing date of this Order: January 10, 2015.

**IT IS FURTHER ORDERED** that in the event Plaintiffs proceed with this action, they must follow the Federal Rules of Civil Procedure and the Local Rules of Practice for the U.S. District Court of Arizona (local rules).[3] Plaintiffs are instructed to take special notice of Local Rule 7.2 which provides specifics for civil motions, especially subsection (i) which provides that failure to file a timely response, or any other such non-compliance, "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

**IT IS FURTHER ORDERED** that in the event Plaintiffs proceed with this action, they must comply with the rules of service. Fed. R. Civ. P. 4-6. Plaintiffs shall serve upon

---

[3]The Local Rules of Practice for the United States District Court, District of Arizona, may be obtained on the Court's website: www.azd.uscourts.gov.

Defendants or upon their counsel, a copy of every further pleading submitted to the Court. Plaintiffs shall include a certificate stating the date a true and correct copy of any document was mailed to each Defendant or their counsel.  The Court will disregard any document which has not been filed with the Clerk or which fails to include a Certificate of Service.

DATED this 11th day of December, 2014.

David C. Bury
United States District Judge