# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph S. Aldecoa, Ralph T. Aldecoa, and Robert V. Tuzon,<br><br>　　　　Plaintiffs,<br>v.<br><br>Joseph T. Fields, et al.,<br><br>　　　　Defendants. | CV 14-2540 TUC DCB<br><br><br>**ORDER** |

On December 12, 2014, the Court denied a request for a temporary injunction, explained its limited jurisdiction, and gave Plaintiffs leave to amend the Complaint. On January 12, 2015, the Court after reviewing the First Amended Complaint, dismissed the case. (Order (Doc. 17)). The case has been closed since then. Plaintiffs, however, continued to prosecute the case, serving the First Amended Complaint, and filing a Motion for Entry of Default. (Motion (Doc. 37)). To clarify matters, on May 8, 2015, the Court struck the Motion for Entry of Default and ordered the Clerk of the Court to enter Judgment against Plaintiffs, without prejudice.

On June 22, 2015, Plaintiffs filed a Motion for Reconsideration, (Doc. 60), asking the Court to vacate its Judgment and instruct the Plaintiffs, who are pro se, what they "need to do to satisfy any requirement to go forward." *Id.* at 2. "District judges have no obligation to act as counsel or paralegal to *pro se* litigants" because this would undermine district judges' role as impartial decision makers. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). This Court has explained that to assert diversity jurisdiction, there must be complete diversity,

(Amended Order (Doc. 5) at 4), and afforded Plaintiffs an opportunity to amend the Complaint, which they did on January 12, 2015. The pleading deficiencies remained, and the Court dismissed the case for lack of subject matter jurisdiction.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 60) is DENIED.

DATED this 13th day of July, 2015.

David C. Bury
United States District Judge

2